# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | |
| and | **COMPLAINT**<br>**CIVIL ACTION NO.** |
| TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | |
| Plaintiffs, | |
| v. | |
| PJP INSTALLERS, INC.<br>570 Nepperhan Avenue<br>Yonkers, NY 10703, | |
| and | |
| PABLO PERRONE<br>570 Nepperhan Avenue<br>Yonkers, NY 10703, | |
| Defendants. | |

**(TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; FOR EQUITABLE RELIEF; AND FOR BREACH OF FIDUCIARY DUTY)**

**Parties**

1.	The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.	The National Elevator Industry Health Benefit Fund ("Health Benefit Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Health Benefit Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Health Benefit Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.	The National Elevator Industry Educational Fund ("Educational Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Educational Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Educational Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5. PJP Installers, Inc. ("PJP Installers"), is a New York business existing under New York laws with offices located at 570 Nepperhan Avenue, Yonkers, NY 10703.

6. PJP Installers transacts business in New York as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

7. At all relevant times, PJP Installers was and is signatory and bound to the Agreements between Local One of the International Union of Elevator Constructors, AFL-CIO, and the Elevator Manufacturers Association of New York, Inc. ("Collective Bargaining Agreements") by virtue of its Joinder Agreement.

8. Pablo Perrone is an officer and owner of PJP Installers, and resides at 570 Nepperhan Avenue, Yonkers, NY 10703.

9. At all relevant times, Pablo Perrone exercised control and discretion over the assets of PJP Installers, including, but not limited to, decisions regarding the collection of receivables for PJP Installers, the disbursement of payroll to employees, the disbursement of any payroll

deductions authorized by PJP Installers' employees, and the amounts to be paid to the Plaintiffs. Accordingly, Pablo Perrone is a fiduciary to the Pension Fund, Health Benefit Fund, and Educational Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## Jurisdiction

10. This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).  This is an action to enforce an employer's contractual obligation to submit monthly contribution reports and payments, and other contributions pursuant to a Collective Bargaining Agreement, to collect the outstanding contributions and other amounts from the owner individually, to enjoin the violations of the terms of the employee benefit plans, for breach of fiduciary duty, and for appropriate equitable relief.

11. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Employee Benefit Plan Plaintiffs are located and administered.

12. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS FOR UNPAID CONTRIBUTIONS)

13. The Pension Fund, Health Benefit Fund, and Educational Fund ("Benefit Funds" or "Benefit Fund Plaintiffs") hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in Count I.

14. Pursuant to its Collective Bargaining Agreement, Defendant PJP Installers agreed to report and pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreement.

15. Defendant PJP Installers employed certain employees covered by the Collective Bargaining Agreement, but failed to report and pay the amounts when due to the Benefit Funds for work performed in March 2018 through and including March 2020 as required by the Joinder Agreement, Collective Bargaining Agreement, and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

16. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

17. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

## COUNT II

### (AMOUNTS OWED TO THE HEALTH BENEFIT FUND FOR UNREMITTED CONTRIBUTIONS DEDUCTED FROM EMPLOYEES WAGES)

18. The Health Benefit Fund hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 17 of Count I as if fully set forth in Count II.

19. Pursuant to its Collective Bargaining Agreement, Defendant PJP Installers agreed to remit to the Health Benefit Fund certain sums of money deducted from the wages of Defendant's employees covered by the Collective Bargaining Agreement for each hour worked.

20. Defendant PJP Installers employed certain employees covered by the Collective Bargaining Agreement, deducted from the employees' wages amounts payable to the Health Benefit Fund, and failed to report and remit the entire amount when due to the Health Benefit Fund during the months of March 2018 through and including March 2020 as required by the Collective Bargaining Agreement and the Health Benefit Fund's Restated Agreement and Declaration of Trust.

21. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest and/or lost earnings from the date due through the date of payment.

22. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

## **COUNT III**

### **(OTHER CONTRIBUTION PAYMENTS)**

23. The Work Preservation Fund hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 22 of Counts I and II as if fully set forth in Count III.

24. Pursuant to its Collective Bargaining Agreement, Defendant PJP Installers agreed to report and pay to the Work Preservation Fund certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreement.

25. Defendant PJP Installers employed certain employees covered by the Collective Bargaining Agreement, but failed to report and pay the entire amounts when due to the Work Preservation Fund for the months of March 2018 through and including March 2020 as required by the Collective Bargaining Agreement.

26. The Work Preservation Fund's Restated Agreement and Declarations of Trust provides that an employer who fails to pay the amounts required when due shall be obligated to pay reasonable attorneys' fees and court costs.

## COUNT IV

### (REQUEST FOR INJUNCTIVE RELIEF)

27. The Benefit Fund Plaintiffs hereby adopt, incorporate and restate in Count IV paragraphs 1 through 26 of Counts I, II, and III.

28. Defendant PJP Installers, pursuant to the Collective Bargaining Agreement and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust, agreed to report hours and make timely contributions to the Plaintiffs in the amounts and on the dates required by the Collective Bargaining Agreements and Restated Agreements and Declarations of Trust.

29. Defendant PJP Installers has repeatedly failed to submit timely reports and pay contributions to the Plaintiff Benefit Funds. Plaintiffs' counsel has had to pursue payments and demand payments from the Defendant in order to force the Defendant to pay delinquent contributions as required by the terms of the Collective Bargaining Agreement and Restated Agreements and Declarations of Trust.

30. Defendant PJP Installers' persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of ERISA and an employee benefit plan, and threatens the Plaintiffs, and the Plaintiffs' participants and beneficiaries, with irreparable harm if injunctive relief is not granted.

31. By virtue of the failure to make timely payments, Defendant PJP Installers has caused the Plaintiffs and their participants to suffer the loss of investment income and incur additional administrative expenses as well as deprive the Plaintiffs and their participants of the ability to determine the amount of contributions owed and credit earned by employees during that time period.

32. The public interest will be served by an issuance of injunctive relief.

## COUNT V

### (FOR BREACH OF FIDUCIARY DUTY)

33. The Benefit Fund Plaintiffs hereby adopt, incorporate and restate in Count V paragraphs 1 through 32 of Counts I, II, III, and IV as if fully set forth in Count V.

34. The Defendant Pablo Perrone executed the Joinder Agreement on August 8, 2017, agreeing to be bound to the terms of the Collective Bargaining Agreement and the Benefit Funds' Restated Agreements and Declarations of Trust.

35. The Defendant Pablo Perrone was and is responsible for creating and operating PJP Installers and determining the total amount of employer contributions to report and pay to the Benefit Fund Plaintiffs from PJP Installers' assets, and the total amount of contributions withheld from employees' wages to pay to the Health Benefit Fund from PJP Installers' assets.

36. Defendant Pablo Perrone commingled assets of PJP Installers payable to the Plaintiffs with the general assets of PJP Installers and used those assets for purposes other than to pay the Plaintiffs.

37. Defendant Pablo Perrone exercised authority and control over the Benefit Fund Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

38. The amounts due, unreported and unpaid by Defendant PJP Installers, are assets of the Benefit Fund Plaintiffs as established in the Collective Bargaining Agreement and the Benefit Funds' Restated Trust Agreements.

39. The factual contentions in Paragraphs 10, 15, 20, 34 through 29 of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I, II, III, IV, and V as follows:

1. That the Court find the Defendant PJP Installers liable in the amount of contributions, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from March 2018 to date and through the date of judgment;

2. That the Court find the Defendant PJP Installers liable in the amount of unremitted contributions deducted from employees' wages, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from March 2018 to date and through the date of judgment;

3. That the Defendant PJP Installers be directed to comply with its obligations to correctly report and contribute to the Plaintiffs in a timely manner in the future as alleged in Count IV;

4. That the Court find the Defendant Pablo Perrone jointly and severally liable with Defendant PJP Installers for the amount of contributions, interest, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from March 2018 to date and through the date of judgment;

5. That the Court find the Defendant Pablo Perrone jointly and severally liable with Defendant PJP Installers liable in the amount of unremitted contributions deducted from employees' wages, interest, lost earnings, liquidated damages, attorney's fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from March 2018 to date and through the date of judgment;

6. For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii), and the Restated Trust Agreements; and

7. For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: <u>April 20, 2020</u>

<u>s/ Andrew Kelser</u>
Andrew Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996